## AETNA CASUALTY & SURETY CO v LANZ et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

Charles S. Druggan, Columbus, and L. M. Cailor, Youngstown, for plaintiff in error.

McKain, Ohl & Swanner, Youngstown, and E. R. Zeiger, Youngstown, for defendants in error.

## OPINION

By LYNCH, J.

The prayer of the amended petition is that defendants recover judgment against said plaintiff in error in the sum of $24,500, together with costs and all other proper relief. We deem it unnecessary to refer to any subsequent pleadings filed in the court below, for the reason that the first important question for decision is whether the court erred in overruling the demurrer of plaintiff in error to said amended peti-

tion. If said demurrer was improperly overruled this court would be compelled to reverse the judgment here challenged. The Securities Act or Blue Sky Law which was in effect at the time the alleged representations were made, was §6373-3(d) GC, reading as follows:

"Every such applicant shall execute and file a bond to the State of Ohio in such sum in no case to be less than ten thousand dollars and with such surety as the commissioner requires, and shall also execute and file a bond to the State of Ohio, but not to exceed twenty-five hundred dollars with such surety as the commissioner requires, for each agent named in such application or in any supplemental application made thereto. Such bonds shall be filed with the commissioner of securities and kept by him in his office. Such bonds shall be continued upon the faithful observance of all of the provisions of this act, and shall also indemnify any purchaser of securities from such dealer or agent who suffers a loss by reason of misrepresentations in the sale of such security by such dealer or agent. Any purchaser claiming to have been damaged by misrepresentation in the sale of any security by such dealer or agent may maintain an action at law against the dealer or agent making such misrepresentations; or both the dealer and agent where the agent makes such misrepresentations; and may join as parties defendant the sureties on the bonds herein provided for."

We observe again that the representation alleged to be untrue, printed in these notes, is:
"This issue of notes is secured by a first mortgage lien on the property of the company located at Lake Milton."

It is to be again observed that each of the numerous parties who brought this action in the court below is the holder of one of the notes which are exactly alike. Therefore, the bottom question presented by the demurrer is whether under the rules of pleading in our state each holder of said notes must bring a separate action in order to obtain judgment. It seems to be the theory of counsel for the defendants in error that because all of the owners of said notes would in a proper proceeding, after obtaining judgments, be entitled to participate in the penalty of the bond, executed and delivered in pursuance of said §6373-3 (d) GC, such fact is determinative of the question whether they can maintain a joint

action in the premises. The basis, of course, of the action is fraud or deceit, based upon false representations. The representations, however, are separate and distinct insofar as each holder of one or more of these notes is concerned.

Sec 11254 GC reads as follows:
"All persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided."

It is claimed that under this section the several note owners have been properly joined in this action, for the claimed reason that each of them has an interest in obtaining the relief demanded. In order to analyze and determine the application of this section of our Code to the instant case, it is necessary to keep in mind the proper and orderly procedure in seeking to recover upon joint and several demands. Before any one of the note owners would be entitled to participate in the penalty of this bond, he would first have to establish by a proper degree of proof the making of the false representation, written or oral, and by reason thereof obtain a judgment.

Reverting to said §11254 GC, we observe that all persons having an interest in the subject of an action may be joined. It therefore becomes necessary to determine what is meant by the use of the words "All persons having an interest in the subject of the action." We deem it unnecessary to define the term "subject of the action" other than to state that it is the subject of judicial inquiry involved in a particular case. Clearly the inquiry involved here is the alleged false representation as to each of these notes. The record shows that each one of the note owners testified to his own claim, and whether supported by the same or different alleged false representations, the claim of each is independent and separate. If only one of these eighty note owners had brought an action, his right to recover judgment by reason thereof would in no way be dependent upon what representations may have been made to another owner or owners. It seems to us so clear that the claims of the several note holders are separate, and distinct, and can not be joined in the same action, we deem it unnecessary to discuss the matter at length.

We believe our Supreme Court in **Taylor v Brown, 92 Oh St 287,** has determined this matter against the separate note owners or holders. True it is, the facts in that case were not just the same as in the instant

case, but in our judgment the principles there announced apply. We quote paragraph 6 of the syllabus in that case, reading as follows:

"6. In such an action, although similar false representations were made by defendant to his several associates and related to the same transaction, where the plaintiff associates seek to recover the several payments made by each on the faith of such representations, the action is not joint but several; and a demurrer for misjoinder of parties plaintiff should be sustained when such facts appear upon the face of the pleading."

We do not hold that if the owners of these notes in separate and proper actions were to recover judgments thereon they then collectively would not have a remedy which would enable all of them to participate in the penalty of the bond so executed by plaintiff in error. The allegations in the amended petition relative to the respective rights of the owners of these notes in the penalty of the bond would not in our judgment change the rule so far as joinder of parties plaintiff or defendant is concerned in an action to obtain judgment on the notes. In short, each of the owners of these notes who desires to obtain a judgment against plaintiff in error must bring his separate action. If they could do otherwise there could be a withholding from the plaintiff in error of his right under our practice of separately contesting causes of action in which only one of several plaintiffs has any interest. This would clearly be a misjoinder of parties plaintiff.

We believe and find that the court below was in error in overruling the demurrer to the amended petition. Having reached this conclusion, it is wholly unnecessary that we determine the other exceptions contained in the record. It will be necessary for each of the parties holding these notes to bring a separate action and we should not now assume there will be any error in such actions.

For the reasons stated, the judgment of the Court of Common Pleas is reversed and this cause is remanded to that court for such further proceedings as are authorized by law. Exceptions noted.

Judgment reversed.

ROBERTS and SMITH, JJ, concur in the judgment.